MARGERY HARTFORD ET AL., APPELLEES, V. MILLIE PINNIE ET AL., APPELLANTS.

FILED APRIL 19, 1935. No. 29258.

*Merrow & Murphy,* for appellants.

*Robins & Yost, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This action was brought by certain of the heirs at law of Jane A. Gillaspey, deceased, and the special administrator of her estate, to set aside a deed, executed by Mrs. Gillaspey in her lifetime, wherein she conveyed to the defendants a two-sixths interest in an 80-acre tract of land. The grounds for relief are that the deed was executed without consideration and was induced by undue influence. Trial of the cause to the court resulted in a decree for plaintiffs. Defendants have appealed.

The deed in question was executed July 31, 1930, by Mrs. Gillaspey, who was then a widow more than 80 years of age. She died in April, 1932. In 1897 Mrs.

Gillaspey owned an 80-acre tract of land, and in that year she conveyed one-sixth interest in said 80-acre tract to each of four of her children, subject to her life use of the land. At that time there were two older children who had received gifts or advancements from their father, and also two children who were minors. One of the latter is Mrs. Pinnie, a defendant, and the other Mrs. Hartford, a plaintiff. There is a suggestion, but no direct proof, that Mrs. Gillaspey retained the two-sixths interest in the 80-acre tract intending at some later time to convey that to the two minor children after they had arrived at maturity.

Early in the trial of the cause, inquiry was being made by counsel for plaintiffs as to the transaction in 1897. The court interrupted with the statement: "We ought not to go back to 1897," and then limited the time of the inquiry to a period of five years preceding the time of the trial. Defendants offered evidence, extending over a period of 10 or 15 years, wherein Mrs. Gillaspey had stated to other persons that her daughter Millie had stayed with her and taken care of her during all the years, and she intended to give the property to her by deed or will. Much of this evidence was excluded.

As to the question whether evidence is too remote to be of value on the issue of undue influence, the trial court is vested with a sound discretion, but considerable latitude, we think, should be allowed. Where a mother has executed a deed to all the land that she owns to one child, to the exclusion of all the other children, and the conveyance is attacked on the ground that it was procured by undue influence, it is permissible to prove that for a long time prior thereto she had expressed an intention to convey the land to the favored child. Where such intention is shown to have existed for many years and had been frequently expressed, it tends to show a fixed purpose of the grantor to make such conveyance, and also tends to refute the idea that it was procured by undue influence.

We are of the opinion that the trial court abused its discretion in limiting the inquiry to a period of five years previous to the time of trial. The expressions of Mrs. Gillaspey, made and oft-repeated at periods running back as far as 10 or 15 years, of her intention to convey or give the land to the favored daughter, should have been admitted in evidence. The error of the trial court in unduly restricting the examination of witnesses for defendants was prejudicially erroneous. .

During the trial plaintiffs offered in evidence depositions of three witnesses that had been taken in another action and which, over objection, were admitted in evidence. Depositions, regularly taken in an action, may be admissible in a subsequent action between the same parties and involving the same question or subject-matter. In the instant case, the depositions were taken in an entirely different action; the parties, both plaintiff and defendant, were not the same, and there is no showing that the issue or subject-matter was the same. It also appears that the depositions were taken pursuant to a stipulation which provided that the evidence of the witnesses so taken should be "used as evidence at the trial of the contest of will and appointment of executrix in the above entitled matter, in the county court only." Proper objections were made to the introduction of these depositions, and we think the court committed error in not excluding them. However, it is a general rule that in an equity cause the trial court will be presumed to have disregarded any incompetent or immaterial evidence that was received at the trial.

One of the assignments of error is that the findings and decree are not sustained by the evidence. In view of the conclusions reached on other questions, it is unnecessary for the court to pass upon the question of the sufficiency of the evidence. We think it proper to remark that, with the depositions excluded and which could not be properly considered by this court, it is doubtful if the evidence is sufficient to sustain the findings.

One other question requires examination. The special

administrator was made a party. Plaintiffs assert that because there were debts existing against the estate of Mrs. Gillaspey, and because there was no property out of which they could be satisfied, the special administrator was entitled to have the deed set aside on the ground that the action was, as far as he was concerned, in the nature of a creditor's bill.

The record discloses that Mrs. Gillaspey had resided on the 80 acres in question for more than 40 years; that it was her home, and, while homestead is not pleaded, the record clearly discloses that it was a homestead. It is a rule that a homestead is not susceptible of fraudulent alienation. There is no evidence in the record as to the value of the land at the time Mrs. Gillaspey made the deed in question. Furthermore, the evidence fails to disclose that Mrs. Gillaspey was indebted to any one at the time she made the deed. The evidence is wholly insufficient to support the claim of the special administrator that the deed should be vacated on the ground that it was a voluntary conveyance and in fraud of creditors.

Under the statutes, this court has jurisdiction, in an appeal in an equity case, either to reverse the judgment and dismiss the action or remand it for further proceedings, where the judgment cannot be affirmed. We are unable to say what the judgment might have been, had the errors in the admission and exclusion of evidence not occurred, and justice would be promoted by reversing the judgment and remanding the cause for a new trial, rather than dismissing the action. Such is the order of this court.

REVERSED.